77,627

September 16, 2015

Angel Romero #1689617
Lynaugh Unit
1098 S. Hwy 2037
Ft. Stockton, TX 79735

This document contains some pages that are of poor quality at the time of imaging.

Texas Court of Criminal Appeals
PO Box 12308, Capitol Station
Austin, TX. 78711

Re: C.O.A. No 08-10-00357-CR
Trial Court No. 20100D01732
El Paso County, Texas

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 18 2015

Abel Acosta, Clerk

Clerk, Abel Acosta

Please find enclosed Angel Romero's Application for Writ of Mandamus and list of Exhibits. That is to be filed in the Court of Criminal Appeals for their Disposition in this Criminal matter. Thank you for your time.

Respectfully:
Angel Romero

# Table of Contents

Table of Contents .......................... i

Identity of Parties ....................... ii

Index of Authorities ..................... iii

STATEMENT OF CASE ......................... 2

STATEMENT OF JURISDICTION ............. 2-4

ISSUE PRESENTED ........................... 5

STATEMENT OF FACTS ..................... 5-8

ARGUMENTS AND LEGAL AUTHORITIES .......... 8

FIRST, POINT OF ERROR ................. 8-11

SECOND POINT OF ERROR ............... 11-14

MANDATORY LAW UNDER RULE 44.4 ...... 14-16

PRAYER FOR RELIEF ........................ 16

UNSWORN DECLARATION

APPENDIX

## IDENTITY OF PARTIES

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
El PASO COUNTY Courthouse
500 E. SAN ANTONIO AVE, SUITE 1203
EL PASO TX 79901-2408
Before, McLure, CJ, Rodriguez and Hughes, JJ

HON. JUDGE, PATRICK GARCIA
384TH DISTRICT COURT
500 E. SAN ANTONIO AVE. ROOM 906
EL PASO TX 79901

ATTORNEY FOR STATE
ASSISTANT DISTRICT ATTORNEY
Kyle A. MYERS
500 E. SAN ANTONIO AVE, 2nd FLOOR
EL PASO TX 79901

ANGEL ROMERO, PRO se
INMATE NO. 1689617
LYNAUGH UNIT
1098 S. HWY 2037
Ft. STOCKTON, TX 79735

ii

## LIST OF LEGAL AUTHORITIES

| | PAGE |
|---|---|
| Bessy v. State 239 sw3d 809, 812-13 | 10 |
| Braxton v. Dunn 803 sw2d 318, 320 | 3 |
| Dickens v. State 727 sw2d 242 | 3 |
| Ex Parte Broadway 301 sw 3d 694 | 13 |
| Ex Parte Delaney 207 sw 3d 794, 796-797 | 13 |
| Ex Parte Johnson 12 sw 3d 472 | 15 |
| Ex Parte Thomas 545 sw2d 469, 470 | 13 |
| Henry v. State 364 sw 3d 915 | 8, 14 |
| Jacobs v. State 692 sw 2d 724 | 3 |
| Kennedy v. State 297 sw 3d 338 | 12, 13 |
| Mendez v. State 138 sw 3d 334, 343 | 10 |
| Padilla v. Mc Danial 122 sw 3d 805 | 4 |
| Resendez v. State 256 sw 3d 315, 321 | 14 |
| Shankel v. State 119 sw 3d 808 - 813 | 12, 13 |
| Smith v. State 957 sw 2d 571 | 4 |
| Taylor v. State 247 sw 3d 223 | 11, 14 |

## CODES AND RULES

| | PAGE |
|---|---|
| TEX. R. APP. P. Rule 25.2 (a)(2)(A) | 4, 9, 10, 14, 15 |
| TEX. R. APP. P. Rule 25.2 (a)(2)(A)(B) | 7, 9, 11 |
| TEX R. APP. P Rule 44.4 (a)(1)(2) | 4, 8, 10 |
| TEX R. APP. P Rule 52.3 | 1 |
| TEX PENAL CODE Sec 22.01 (b)(2)(A) | 12 |
| TEX PENAL CODE Sec 22.01 (b)(2)(B) | 12 |
| TEX GOV'T CODE Sec 22.221 (a) | 15 |
| TEX GOV'T CODE Sec 22.221 (b)(1) | 16 |
| TEX CONST. ART V, sec 5 | 1, 3 |

# IN THE COURT OF CRIMINAL APPEALS

## NO. 08-10-00357-CR

### IN RE ANGEL ROMERO
(RELATOR)

V.

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS
(RESPONDENT)

ORIGINAL PROCEEDING
TRIAL COURT NO. 20100D01732
384 DISTRICT COURT
EL PASO COUNTY, TEXAS

## APPLICATION FOR WRIT OF MANDAMUS

Comes now Angel Romero hereinafter Known as the Relator in the above Styled and numbered Cause of action and Seeks leave for writ of Mandamus under, Tex Const. ART. V. sec 5, and the procedures outlined in Tex. R. APP. P. 52.3

P. 1

in support the Relator will show the following:

## STATEMENT OF CASE

Relator pled guilty to offenses, (Count I) Aggravated Kidnapping, (Count II) Sexual Assault (Count IV) Aggravated Assault W/Deadly Weapon (Count V) Assault Enhanced - Family Violence (Count VI) Assault Family Violence previous Conviction; in Cause No. 20100D01732 pursuant to a charge bargain with the State.

The Honorable Judge Patrick Garcia of the 384th District Court followed the State's Recommendation on punishment and Sentenced the Relator too Serve twenty (20) years in the Texas Department of Criminal Justice on each Count with, all Sentences Running Concurrent. (Count III) possession of Cocaine was dismissed as part of the charge bargain.

## STATEMENT OF JURISDICTION

The Relator Seeks Mandamus Relief from the Court of Criminal Appeals to order the Court of Appeals Eighth District of Texas to

P. 2

Rescind its order of dismissal in the original Mandamus proceeding, and to issue an order to the Trial Court Judge of the 304th District Court to Correct the Relators defective Certification of the Right to Appeal which precluded the Relator from presenting a proper appeal of his pre trial Motion that was Ruled on Prior to trial.

The act to be Compelled is purely ministerial and there is no other adequate remedy at Law Braxton v. Dunn 803 SW 2d 318, 320 (Tex Crim App 1991) The Court of Criminal appeals has Jurisdiction over this Criminal Matter under Tex Const ART V. Sec 5.

Relator has met the two prong test established in Dickens v. Court of Appeals 2nd sup Jud Dist 727 SW 2d 542 (Tex Cr 1987).

First; The Relator has no adequate remedy at Law, There is no Remedy by petition for Discretionary Review from an adverse Ruling in an original Mandamus proceeding see Jacobs v. State 692 SW 2d 724 (Tex Crim App 1985)

Second; The Court of Appeals Clearly abused

it's Discretion when the Court failed to abate the appeal and order the trial Court Judge to perform his ministreial duty and Correct the defective Certification of the Relators Right to appeal Showing applicable law under Tex. R. APP. P. 25.2 (a)(2)(A), that the relator had the Statutory Right to appeal matters Concerning his suppression motion, that was ruled on prior to trial. The Court of appeals acted Contrary to the Mandatory Language set out in Tex. R. APP. P. 44.4 (a)(1)(2).

The Relator has Satisfied the Jurisdictional Requirement outlined in padilla V. McDanial 122 SW 3d 805 (Tex Cr App 2003) by first Submitting his application for writ of Mandamus to the Court of appeals eighth District see. (EXHIBIT'S J AND K). And when a trial Court Judge improperly denies an appellant the right to appeal from his Conviction under Tex. R. APP. P 25.2 (a)(2) The proper Remedy is by a writ of Mandamus and not by writ of Habeas Corpus ART. 11.07 See Smith V. State 957 SW 2d 571,575 (Tex App Dallas 1997) Citing; Broggi V. Curry 575 SW 2d 940.

## ISSUE PRESENTED

The Court of Appeals is in error for it's order of dismissal for want of Jurisdiction in the relators Mandamus proceeding. Under the Mandatory language in Tex. R. App. p 44.4(a)(1)(2) when the two pre Conditions exist the Court of Appeals "must not" affirm or Reverse a Judgment or "dismiss an appeal". The Court of appeals abused it's discretion, when the Court failed to abate the original appeal back to the trial Court So, that Court Could Clarify its misstated terms of the plea agreement and applicable law under Tex. R. App. P. 25.2(a)(2)(A) which improperly prevented the relator from exercising his Statutory Right to appeal his pretrial Motion that was Ruled on. Under the Mandatory Language in Tex. R. App. P 44.4 the Issuance of the Court of appeals Mandate and the exclusive remedy in the Court of Criminal appeals by Writ of Habeas Corpus Art. 11.07 are "premature"

## STATEMENT OF FACTS

On November 24, 2010 in Cause No. 2010001732 The Relator pled guilty to the following offenses:

P.5

(COUNT. I). Aggravated Kidnapping see. (EXHIBIT A)

(COUNT II). Sexual Assault see. (EXHIBIT. B)

(COUNT. IV). Aggravated Assault w/ Deadly weapon
see (EXHIBIT. C)

(COUNT. V). Assault Enhanced family Violence
See. (EXHIBIT. D)

(COUNT VI). Assault family Violence previous Conviction
See. (EXHIBIT. E)

Judge Garcia followed the State Recommendation
see. (EXHIBIT. F) and Sentenced the relative to
twenty (20) years in the Texas Department of
Criminal Justice with all Sentences Running
Concurrent. (Count III) possession Cocaine was
dismissed as part of the Charge bargain. see
Reporters Record P.P 4 (13-25), P.P 5 (1-25)
P.P 6 (1-25), P.P 7 (1-16) also See. (EXHIBIT G)

In the guilty plea hearing Judge Garcia
Signed the trial Courts Certification of defendants
Right to appeal and Checked the boiler plate box
Showing "defendant has waived the Right to
appeal" see (EXHIBIT. H). There was No Blanket

P. 6

Waiver of Relators Right to appeal, but the written plea agreement setforth the language in Tex.R App. P 25. 2 (a)(2)(A)(B). see (EXHIBIT F)

On December 16, 2010 the Relator filed a pro se notice of appeal in Cause 20100D01732. The Court of Appeals Eighth District Docketed the appeal under NO. 08-10-00357-CR.

On January 27, 2011 The El paso County public Defenders office Submitted a letter brief to the Court of Appeals and ineffectively Concluded that the Relator appeared to have Voluntarily, Knowingly and intelligently waived his Right to appeal.

On February 23, 2011 the Court of Appeals dismissed the appeal on the basis of the trial Courts Certification that the Relator waived his Right to appeal see (EXHIBIT I) (memorandum opinion).

On June 27, 2015 the Relator filed his original application for writ of Mandamus in the Court of Appeals under NO. 08-15-00194-CR see (EXHIBIT J). Relator Sought an order

P. 7

Compelling the trial Court Judge to modify the Certification of defendants Right to appeal to Reflect that relator did not Voluntarily waive his Right to appeal in 2010 when he entered his guilty plea.

ON July 8, 2015 the Court of Appeals dismissed Relators WRIT of Mandamus for lack of Jurisdiction see.(EXHIBIT K)(memorandum opinion).

## ARGUMENTS AND LEGAL AUTHORITIES

The Relator Challenges the Court of Appeals dismissal of his ORiginal WRIT of Mandamus for Want of Jurisdiction as a Clear erroR of law. Under the Mandatory language in Tex R APP P. 44.4 (a)(1)(2) when two preconditions exist the Court of appeals "must Not" dismiss an appeal. See Henry V. State 364 SW 3d 915, 917 (Tex Crim App 2012). The two pre Conditions in Rule 44.4 were established by the Trial Court in Two points of erroR in this Case.

## First, point of ERROR

see (EXHIBIT F) WRitten plea agreement
P. 8

Setting forth the language in Tex. R. App. P 25.2 (a)(2)(A)(B). The written plea agreement did not include a blanket waiver of Relators Right to appeal in this case.

A motion to suppress was filed on April 30, 2010 see (EXHIBIT, L) Judge Garcia denied the motion on November 10, 2010 ordinarily the Relator could appeal any matters that he raised during his motion to suppress that were ruled on see Tex Code Crim proc ART 44.02 and Tex. R. App. P 25.2 (a)(2)(A). Defendants in Texas have this Statutory Right

Now see, Judge Garcias admonishment to the Relator Concerning Tex. R. App. P 25.2 (a)(2)(A) see R.R P.P 15 (22-25), R.R. P.P 16 (1-11) in this case the plea agreement included the language of Rule 25.2 (a)(2)(A)(B) demonstrating the relator had a limited Right to appeal the denial of his pre trial motions See (EXHIBIT, F)

The Trial Court Judges initial Comments in the above Colloquy misstated the terms of the plea agreement and applicable law under Tex R. App. P 25.2 (a)(2)(A). This Fact is Recognized

by the Court of Appeals in its memorandum opinion in 2010 see (EXHIBIT I. page 4)

The Relator was misled concerning the plea agreement and applicable law under Tex. R. App. P 25.2 (a)(2)(A) and was not aware of the consequences to make an informed decision to waive his Right to appeal matters concerning his motion to suppress. The trial courts failure to properly admonish was such to effect the Relators Substantial Rights see Bessey v. State 239 sw 3d 809, 812-813 (Tex Cr App 2007)

A courts failure to properly admonish a defendant cannot be forfeited and may be raised for the first time on appeal, unless it is expressely waived Mendez v. State 138 sw 3d 334, 343 (Tex Cr App 2004), The Relator did not waive this Right.

The trial courts misstatements concerning the plea agreement and applicable law placed conflict in the Court of appeals Jurisdiction. The Court of appeals was Statutorily Required under Tex. R. App. P 44.4 (a)(1)(2) to abate the appeal back to the trial

P. 10

Court to Clarify the Conflicting record
Concerning its Jurisdiction Taylor v. State
247 SW.3d 223 (Tex Cr App 2008)

SECOND POINT OF ERROR

ON November 10, 2010 the Relator entered
into a negotiated Charge bargain to plead
guilty to the offenses, (Count I), (Count II),
(Count IV), (Count V) and (Count VI) see
(EXHIBITS A, B, C, D and E), the Consession
to this plea agreement was that the prosecution
would dismiss (Count III) possession of Cocaine
see (EXHIBIT G) also see special findings on
page 2 of each Judgment. and see Reporters
Record P.P 4 (13-25), P.P 5 (1-25), P.P 6(1-25)
P.P 7 (1-10), The trial Court imposed a
punishment of twenty (20) years T.D.CJ
on all Counts to Run Concurrent see P.P 24
(1-13).

In a plea bargain Case, a defendant who
pleads guilty or nolo Contendere may only
appeal under the provisions of Tex. R. App.P
25, 2 (a) (2) (A) (B). an agreement that Results
in a defendants pleading guilty to one charge
in exchange for dismissal of another Charge

a (Charge bargain) is a bargain under Rule 25.2 (a)(2) see Kennedy v. State 297 SW 3d 338 (Tex Cr App 2009). An agreement to dismiss a pending Charge effectively puts a cap on punishment at the maximum Sentence for the Charge that is not dismissed see Shankel V State 119 SW3d 808, 813 (Tex Cr App 2003).

when the prosecution dismissed (Count III) possession of Cocaine see (EXHIBIT G) in exchange for the relators guilty plea on the Remaining Counts, this Charge bargain placed a cap on punishment at the Maximum Sentence for the agreed upon Charges that were not dismissed Kennedy 297 SW 3d at 342 and this was unquestionably an agreement on punishment Shankel 119 SW 3d at 813

ON (Count V) Penal Code 22.01 (b)(2)(B) see (EXHIBIT D) and (Count VI) Penal Code 22.01 (b)(2)(A) See (EXHIBIT E). The Relator agreed to a punishment Range under a 3rd degree felony with a Cap at maximum punishment of 10 years T.D.CJ. The Trial Court exceeded the punishment recommended by the prosecution and agreed to by the Relator when Count V and VI were enhanced to a

punishment Range of a 2nd degree felony and imposed a sentence of 20 years on those Counts, that exceeded the agreed Cap of 10 years on Counts V and VI in the Charge bargain Kennedy 297 sw3d at 342

In absence of a plea agreement regarding Sentencing a pre sentence waiver of the right to appeal is ineffective see Exparte Thomas 545 sw2d 469, 470 (Tex cr App 1977); Exparte Delaney 207 sw3d 794, 796-797 (Tex Cr App 2006). The States recommendation that one of the six Counts be dismissed upon the Relators plea of guilty on the Remaining five counts and that punishment be assessed at 20 years on all Counts is, invalid.

Based on the initial Charge bargain, the State Cannot perform its part of this plea agreement on Count V and VI. Shankel 119 Sw3d at 813; Distinguishing this Case from Exparte Broadway 301 sw3d 694 (Tex cr App 2009), and in parallel with Exparte Delaney 207 sw3d 794, 799 Due to the uncertanity in in punishment. The Relator Did Not Knowingly Voluntarily and intelligently waive his Right to appeal his suppression motion because

P. 13

the punishment was invalid see _Resendez v. State_ 256 SW 3d 315, 321 (Tex App Houston 14th Dist 2007)

## MANDATORY LAW UNDER 44.4

The trial Courts two points of error falls under the pre conditions of Tex. R App. P 44.4 (a)(1)(2) and the Court can correct this error by remand back on the Issue of the appeal waiver.

As in _Taylor v. State_ 247 SW3d 223 the Record here reveals a Conflict that prevents the proper presentation of the Relators Case on appeal. The trial Court Judge of the 384th District Court Could not have intended to misstate the terms of the plea agreement and applicable Law under Tex. R. App. P 25.2 (a)(2)(A).

under Tex. R. App. P 44.4 it was mandatory that the Court of appeals not dismiss this appeal see _Henry v. State_ 364 sw 3d at 918 (Holding; Due to the Mandatory Language of Rule 44.4; if the pre Conditions are Satisfied the Court of appeals must abate the Case even if neither the State nor the

defendant has Requested the adatement)

Rule 44.4 Controls this Case because both of the preconditions provided by that Rule exist. under this Mandatory law the Court of appeals issuance of its Mandate and the Court of Criminal appeals exclusive Remedy by writ of Habeas Corpus are premature Citing; Exparte Johnson 12 sw3d 472 (Tex Cc App 2000)

The Court of Appeals order of Dismissal for want of Jurisdiction is an abuse of discretion see (EXHIBIT K) when the Court was bound by the Mandatory language of Rule 44.4. The Court of appeals has the authority under Tex Gov'T Code Sec 22.221 (a) to issue a writ of Mandamus when necessary to enforce the Courts Jurisdiction

The Relator Seeks Mandamus Relief from the Court of Criminal appeals to order the Court of appeals to perform its ministerial duty and order the trial Court Judge to Clerify the misstatements Concerning the plea agreement and applicable laws under Tex.R App. P. 25.2 (a) (2) (A), which has placed

P. 15

Conflict in the Court of appeals Jurisdiction to hear on appeal on the pretrial Suppression Motion that the trial Court Judge Ruled on. Tex. Gov't Code Sec 22.221 (b)(1).

## Prayer for Relief.

Wherefore, Premisis, Considered the Relator angel Romero prays the Court of Criminal Appeals Grant his application for writ of Mandamus and Remand this Case back to the Court of Appeals Eighth District of TEXAS with instructions to oRder the trial Court Judge of the 384th District Court El paso County TEXAS To Correct the defective Certification of defendants Right to appeal and perform his ministrical Duty to allow the relator to appeal Matters Concerning his pre trial Motion that was Ruled on.

The Relator also seeks an order by the Court of Criminal Appeals to order the Court of appeals to Recall its Mandate under the Mandatory Language of Rule 44.4

P. 16

Respectfully Submitted:

*Angel Romero, Jr.*

ON THIS 16 DAY OF September 2015

ANGEL ROMERO # 1689617

LYNAUGH UNIT

1098 S. HWY 2037

Ft. Stockton TX 79735

# UNSWORN DECLARATION

I, _ANGEL ROMERO_ , TDCJ NUMBER _1689617_ .

Being presently incarcerated in the _LYNAUGH_ , Unit of the Texas

Department of Criminal Justice, in _PECOS_ , County, Texas

Declare under penalty of perjury that I am the applicant in the above and foregoing

_MANDAMUS_

Motion. I have read said ~~motion~~ and the factual allegations of the same are true and

Correct.

Executed on this _16th_ day of _September_ , 20_15_.

_____
_Angel Romero_ , Movant, Pro Se

# APPENDIX

## LIST OF EXHIBITS

EXHIBIT. A    JUDGMENT OF CONVICTION (COUNT I)

EXHIBIT. B    JUDGMENT OF CONVICTION (COUNT II)

EXHIBIT. C    JUDGMENT OF CONVICTION (COUNT IV)

EXHIBIT D    JUDGMENT OF CONVICTION (COUNT V)

EXHIBIT. E    JUDGMENT OF CONVICTION (COUNT VI)

EXHIBIT. F    WRITTEN PLEA AGREEMENT

EXHIBIT. G    MOTION TO DISMISS (COUNT III)

EXHIBIT. H    TRIAL COURTS CERTIFICATION OF DEFENDANTS RIGHT TO APPEAL

EXHIBIT I    COURT OF APPEALS MEMORANDUN OPINION 2010

EXHIBIT. J    COPY OF WRIT OF MANDAMUS FILED IN COURT OF APPEALS

EXHIBIT. K    COURT OF APPEALS DISMISSAL

EXHIBIT. L    DEFENDANTS MOTION TO SUPPRESS CONFESSION OR STATEMENTS

  

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 384TH DISTRICT COURT |
| | § | |
| v. | § | |
| | § | |
| | § | |
| Romero, Angel | § | EL PASO COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX04600797 | § | |

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| Judge Presiding: | HON. PATRICK GARCIA | Date Judgment Entered: | 11/24/10 |
|---|---|---|---|
| Attorney for State: | KYLE MYERS | Attorney for Defendant: | ANDREW STEED |

Offense for which Defendant Convicted:
**AGG KIDNAPPING**

| Charging Instrument: | Statute for Offense: |
|---|---|
| **INDICTMENT** | **20.04 PC** |

Date of Offense:
**02/22/10**

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| **1st Degree Felony** | **GUILTY** | **N/A** |

Terms of Plea Bargain:
**STATE'S RECOMMENDATION**

| Plea to 1st Enhancement Paragraph: | N/A | Plea to 2nd Enhancement/Habitual Paragraph: | N/A |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | N/A | Findings on 2nd Enhancement/Habitual Paragraph: | N/A |

| Date Sentence Imposed: | **11/24/10** | Date Sentence to Commence: | **11/24/10** |
|---|---|---|---|

| Punishment and Place of Confinement: | **TWENTY (20) YEARS INSTITUTIONAL DIVISION, TDCJ** |
|---|---|

THIS SENTENCE SHALL RUN **CONCURRENTLY** WITH II,IV,V & VI.

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR
☐ **N/A.**

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| N/A | $231.00 | $N/A | ☐ VICTIM (see below)   ☐ AGENCY/AGENT (see below) |

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **N/A**.

| Time Credited: | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. |
|---|---|
| | From **02/23/10** to **11/24/10** |
| | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. |
| | **N/A DAYS    NOTES: N/A** |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in **El Paso** County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and

  

entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

**Punishment Options (select one)**

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the **Institutional Division, TDCJ.** Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of El Paso County, Texas on the date the sentence is to commence. Defendant shall be confined in the El Paso County Detention Facility for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the El Paso County Detention Facility. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the El Paso County Collections Department. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

**Execution / Suspension of Sentence (select one)**

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

## Furthermore, the following special findings or orders apply:

### DISMISSED COUNT III ONLY

Signed and entered on _____

X_____
JUDGE PRESIDING

X_____
STATE ATTORNEY

X_____
DEFENSE ATTORNEY

Right Thumbprint

Clerk: Brenda Pasillas



 B

   *EXHIBIT B*

| THE STATE OF TEXAS | § | IN THE 384TH DISTRICT COURT |
|---|---|---|
| | § | |
| V. | § | |
| | § | |
| | § | |
| Romero, Angel | § | EL PASO COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX04600797 | § | |

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| Judge Presiding: | HON. PATRICK GARCIA | Date Judgment Entered: | 11/24/10 |
|---|---|---|---|
| Attorney for State: | KYLE MYERS | Attorney for Defendant: | ANDREW STEED |

Offense for which Defendant Convicted:
**SEXUAL ASSAULT**

| Charging Instrument: | Statute for Offense: |
|---|---|
| **INDICTMENT** | **22.011(a)(1) PC** |

Date of Offense:
**02/22/10**

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| **2nd Degree Felony** | **GUILTY** | **N/A** |

Terms of Plea Bargain:
**STATE'S RECOMMENDATION**

| Plea to 1st Enhancement Paragraph: | N/A | Plea to 2nd Enhancement/Habitual Paragraph: | N/A |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | N/A | Findings on 2nd Enhancement/Habitual Paragraph: | N/A |

| Date Sentence Imposed: | **11/24/10** | Date Sentence to Commence: | **11/24/10** |
|---|---|---|---|

| Punishment and Place of Confinement: | **TWENTY (20) YEARS INSTITUTIONAL DIVISION, TDCJ** |
|---|---|

THIS SENTENCE SHALL RUN **CONCURRENTLY** WITH COUNT I,IV,V & VI.

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A.**

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| N/A | $231.00 | $N/A | ☐ VICTIM (see below)  ☐ AGENCY/AGENT (see below) |

Sex Offender Registration Requirements **apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **N/A.**

| Time Credited: | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. |
|---|---|
| | From 02/23/10 to 11/24/10 |
| | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. |
| | **N/A DAYS    NOTES: N/A** |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in **El Paso** County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and

  

*EXHIBIT. B*

entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

**Punishment Options (select one)**

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Institutional Division, TDCJ. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of El Paso County, Texas on the date the sentence is to commence. Defendant shall be confined in the El Paso County Detention Facility for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the El Paso County Detention Facility. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the El Paso County Collections Department. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

**Execution / Suspension of Sentence (select one)**

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

**Furthermore, the following special findings or orders apply:**

DISMISSED COUNT III

Signed and entered on ___ 11 30 2010 ___

X _____
JUDGE PRESIDING

X _____
STATE ATTORNEY

X _____
DEFENSE ATTORNEY

Right Thumbprint

Clerk: Brenda Pasillas



  *EXHIBIT. C*

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 384TH DISTRICT COURT |
| | § | |
| V. | § | |
| | § | |
| Romero, Angel | § | EL PASO COUNTY, TEXAS |
| | § | |
| STATE ID No.: TX04600797 | § | |

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| | | | |
|---|---|---|---|
| Judge Presiding: | HON. PATRICK GARCIA | Date Judgment Entered: | 11/24/10 |
| Attorney for State: | KYLE MYERS | Attorney for Defendant: | ANDREW STEED |

Offense for which Defendant Convicted:
**AGG ASSAULT W/DEADLY WEAPON**

| Charging Instrument: | Statute for Offense: |
|---|---|
| **INDICTMENT** | **22.02(a)(2) PC** |

Date of Offense:
**02/22/10**

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| **2nd Degree Felony** | **GUILTY** | **N/A** |

Terms of Plea Bargain:
**STATE'S RECOMMENDATION**

| Plea to 1st Enhancement Paragraph: | N/A | Plea to 2nd Enhancement/Habitual Paragraph: | N/A |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | N/A | Findings on 2nd Enhancement/Habitual Paragraph: | N/A |

| Date Sentence Imposed: | 11/24/10 | Date Sentence to Commence: | 11/24/10 |
|---|---|---|---|

| Punishment and Place of Confinement: | **TWENTY (20) YEARS INSTITUTIONAL DIVISION, TDCJ** |
|---|---|

### THIS SENTENCE SHALL RUN CONCURRENTLY WITH I,II,V & VI.

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR
N/A.

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| N/A | $231.00 | $N/A | ☐ VICTIM (see below) ☐ AGENCY/AGENT (see below) |

Sex Offender Registration Requirements **do not apply** to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **N/A.**

| | |
|---|---|
| | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. |
| Time Credited: | From **02/23/10** to **11/24/10** |
| | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. |
| | **N/A DAYS    NOTES: N/A** |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in **El Paso** County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and

  
EXHIBIT. C

entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the **Institutional Division, TDCJ.** Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of El Paso County, Texas on the date the sentence is to commence. Defendant shall be confined in the El Paso County Detention Facility for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the El Paso County Detention Facility. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the El Paso County Collections Department. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence (select one)

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

## Furthermore, the following special findings or orders apply:

DISMISSED COUNT III

Signed and entered on ⎵⎵ / ⎵⎵ / ⎵⎵⎵⎵

X _____
JUDGE PRESIDING

X _____
STATE ATTORNEY

X _____
DEFENSE ATTORNEY

Right Thumbprint

Clerk: Brenda Pasillas







CASE NO. 20100D01732    COUNT V OF VI
INCIDENT NO./TRN: 9051726775

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 384TH DISTRICT COURT |
| | § | |
| V. | § | |
| | § | |
| **Romero, Angel** | § | EL PASO COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX04600797 | § | |

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| | | | |
|---|---|---|---|
| Judge Presiding: | HON. PATRICK GARCIA | Date Judgment Entered: | 11/24/10 |
| Attorney for State: | KYLE MYERS | Attorney for Defendant: | ANDREW STEED |

Offense for which Defendant Convicted:
**ASSAULT FAM/HOUSE MEM IMPEDE BREATH/CIRCULAT**

| Charging Instrument: | Statute for Offense: |
|---|---|
| **INDICTMENT** | **22.01(b)(2)(B) PC** |

Date of Offense:
**02/22/10**

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| **3rd Degree Felony** | **GUILTY** | **N/A** |

Terms of Plea Bargain:
**STATE'S RECOMMENDATION**

| Plea to 1st Enhancement Paragraph: | N/A | Plea to 2nd Enhancement/Habitual Paragraph: | N/A |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | N/A | Findings on 2nd Enhancement/Habitual Paragraph: | N/A |

| | | |
|---|---|---|
| Date Sentence Imposed: | **11/24/10** | Date Sentence to Commence:   **11/24/10** |

| Punishment and Place of Confinement: | **TWENTY (20) YEARS EL PASO COUNTY DETENTION FACILITY** |
|---|---|

THIS SENTENCE SHALL RUN **CONCURRENTLY** WITH I,II,IV & VI.

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR
**N/A.**

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| **N/A** | **$231.00** | **$N/A** | ☐ VICTIM (see below)   ☐ AGENCY/AGENT (see below) |

Sex Offender Registration Requirements **do not apply** to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **N/A**.

| | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. |
|---|---|
| Time Credited: | From **02/23/10** to **11/24/10** |
| | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. |
| | **N/A DAYS**    NOTES: N/A |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

    This cause was called for trial in **El Paso** County, Texas. The State appeared by her District Attorney.
    **Counsel / Waiver of Counsel (select one)**
☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.
    Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and

 

entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the **Institutional Division, TDCJ.** Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of El Paso County, Texas on the date the sentence is to commence. Defendant shall be confined in the El Paso County Detention Facility for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the El Paso County Detention Facility. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the El Paso County Collections Department. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence (select one)

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

**Furthermore, the following special findings or orders apply:**

DISMISSED COUNT III ONLY

Signed and entered on __11 / 30 / 2010__

X _____
JUDGE PRESIDING

X _____
STATE ATTORNEY

X _____
DEFENSE ATTORNEY

Clerk: Brenda Pasillas

Right Thumbprint



  

EXHIBIT. E

| THE STATE OF TEXAS | § | IN THE 384TH DISTRICT COURT |
|---|---|---|
| | § | |
| V. | § | |
| | § | |
| Romero, Angel | § | EL PASO COUNTY, TEXAS |
| | § | |
| STATE ID No.: TX04600797 | § | |

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| Judge Presiding: | HON. PATRICK GARCIA | Date Judgment Entered: | 11/24/10 |
|---|---|---|---|
| Attorney for State: | KYLE MYERS | Attorney for Defendant: | ANDREW STEED |

Offense for which Defendant Convicted:
**ASSAULT FAMILY/HOUSEHOLD MEMBER W/PREV CONV**

| Charging Instrument: **INDICTMENT** | Statute for Offense: **22.01(b)(2)(A) PC** |
|---|---|

Date of Offense:
**02/22/10**

| Degree of Offense: **3rd Degree Felony** | Plea to Offense: **GUILTY** | Findings on Deadly Weapon: **N/A** |
|---|---|---|

Terms of Plea Bargain:
**STATE'S RECOMMENDATION**

| Plea to 1st Enhancement Paragraph: | **TRUE** | Plea to 2nd Enhancement/Habitual Paragraph: | **N/A** |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | **TRUE** | Findings on 2nd Enhancement/Habitual Paragraph: | **N/A** |

| Date Sentence Imposed: **11/24/10** | Date Sentence to Commence: **11/24/10** |
|---|---|

| Punishment and Place of Confinement: | **TWENTY (20) YEARS INSTITUTIONAL DIVISION, TDCJ** |
|---|---|

THIS SENTENCE SHALL RUN **CONCURRENTLY** WITH I,II,IV & V.

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR
**N/A.**

| Fine: **N/A** | Court Costs: **$231.00** | Restitution: **$N/A** | Restitution Payable to: ☐ VICTIM (see below)  ☐ AGENCY/AGENT (see below) |
|---|---|---|---|

Sex Offender Registration Requirements **do not apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **N/A**.

| Time Credited: | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order: From 02/23/10 to 11/24/10 |
|---|---|
| | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. **N/A DAYS    NOTES: N/A** |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in **El Paso** County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel  (select one)**

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and

 

entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court FINDS Defendant committed the above offense and **ORDERS, ADJUDGES AND DECREES** that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

<u>Punishment Options (select one)</u>

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the **Institutional Division, TDCJ.** Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of El Paso County, Texas on the date the sentence is to commence. Defendant shall be confined in the El Paso County Detention Facility for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the El Paso County Detention Facility. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a **FINE ONLY.** The Court ORDERS Defendant to proceed immediately to the Office of the El Paso County Collections Department. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

<u>Execution / Suspension of Sentence (select one)</u>

☒ The Court ORDERS Defendant's sentence **EXECUTED.**

☐ The Court ORDERS Defendant's sentence of confinement **SUSPENDED.** The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

## Furthermore, the following special findings or orders apply:

DISMISSED COUNT III

Signed and entered on ⎸⎸ /3 ͼ / ϳ◦⎸◦

X _____
JUDGE PRESIDING

X _____
STATE ATTORNEY

X _____
DEFENSE ATTORNEY

Right Thumbprint

Clerk: Brenda Pasillas



## Effects on Citizenship

If you are not a citizen of the United States, by pleading guilty or nolo contendere to this offense you may be deported, excluded from future admission into the United States, or denied naturalization under Federal Law.

## Range of Punishment

You are pleading guilty to the offense of
Aggravated Kidnapping, Sexual Assault, Aggravated Assault, Assault Family Violence by Strangulation Assault Enhanced

(1)     This offense is a 1st / 2nd / 3rd DEGREE FELONY punishable by confinement in the Texas Department of Criminal Justice, Institutional Division, for a term of not more than 99 / 20 / 10 years or less than 5 / 2 years and a fine not to exceed TEN THOUSAND DOLLARS ($10,000.00).

(2)     This offense is a State Jail Felony punishable by confinement in a State Jail for a term of not more than two years or less than 180 days and a fine not to exceed TEN THOUSAND DOLLARS ($10,000.00).

(3) This offense is a Class _____ Misdemeanor punishable by confinement in jail for a term not to exceed _____ and/or a fine not to exceed $_____ or both such fine and confinement.

## Recommendation for Punishment

Any recommendation made to the Court with respect to punishment, no matter who makes it, is not binding on the Court. You may be sentenced to any amount of punishment described above as long as it falls within the range of punishment for the offense with which you have been charged.

If you have entered into a plea agreement with the attorney representing the State of Texas, and the Court elects not to follow that agreement by sentencing you in excess of that agreement, you will be permitted to withdraw your plea of guilty.

If, however, the punishment assessed by the Court in this case does not exceed the punishment recommended by the attorney representing the State of Texas, and agreed to by you, the defendant, and your attorney, you must obtain permission from the Court before you may prosecute an appeal on any matter in this case, excepting matters raised by written motion filed and heard prior to trial.

I, the undersigned defendant, acknowledge I have read this page and understand its content.

_____
DEFENDANT'S SIGNATURE

2



## Plea Agreement and Consent to Waiver

NOW COMES the State of Texas, by and through her District Attorney for the 34th Judicial District, and files this consent and approval to the defendant having entered a plea in the above entitled and numbered cause. The State further joins in the defendant's stipulation that the State will make an oral stipulation of the evidence in this case.

The State would further represent to the Court that a plea agreement has been entered into with the defendant with respect to the recommended punishment to be assessed upon the defendant's plea of guilty.

### STATE'S RECOMMENDATION TO THE COURT:

The State would recommend that the defendant be _Sentenced to_

_20 years in prison._

If the above State's Recommendation to the Court is for the Defendant to be incarcerated in Texas Department of Criminal Justice, Institutional Division, it is understood by this Defendant that this recommendation does NOT include any recommendation that this Defendant be placed in the State Boot Camp Program under Art. 42.12, Sec 8 of the Texas Code of Criminal Procedure and does NOT include any recommendation by the State that the Defendant be granted community supervision after a period of incarceration under this Court's continuing jurisdiction as granted in Art. 42.12, Sec. 6 of the Texas Code of Criminal Procedure ("Shock Probation")

If the above State's Recommendation to the Court is for the Defendant to serve a period of time on community supervision, this period of time is to be served on standard community supervision ("straight probation") and NOT deferred adjudication community supervision UNLESS specifically state in the above State's Recommendation to the Court.

Additionally, the State would recommend that the defendant be fined in the amount of _____∅_____ dollars ($____∅____), said fine to be paid in installments throughout the term of Community Supervision as a condition of the probated sentence, if any.

The State would request the Court to order the defendant to reimburse El Paso County in the amount of _____ dollars ($_____) for compensation paid to appointed counsel assigned to represent the defendant as authorized by Article 42.12 § 11(a)(8) of the Texas Code of Criminal Procedure.

The State would request the Court to order the defendant to reimburse the Texas Department of Public Safety crime laboratory in the amount of _____∅_____ dollars ($____∅____) for the costs incurred in connection with the analysis, storage and disposal of the materials seized in connection with this offense as authorized by Article 42.12 § 11(a) (21) of the Texas Code of Criminal procedure.

7

G

☑ IN THE 384 JUDICIAL DISTRICT COURT     ☐ IN THE COUNTY CRIMINAL COURT AT LAW NO.____

☐ IN THE COUNTY COURT AT LAW NO.____

OF EL PASO COUNTY, TEXAS

STATE OF TEXAS

VS.

Romero, Angel

NO. 20100D01732

Count 3 only.

## MOTION TO DISMISS

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW, comes the **State of Texas** by and through her Assistant District Attorney and moves the Court to dismiss the above entitled and numbered cause in which the above referenced Defendant is charged with the offense of Unlawful Possession of a _____ for the reason that: Controlled Substance — Cocaine 1 to 4 grams

1. ____ The evidence is insufficient;
2. ____ The said Defendant was convicted in another case;
3. ____ The complaining witness has requested dismissal;
4. ____ The case has been refiled: _____;
5. ____ The case has been 12.45'd into _____;
6. ____ The evidence has been suppressed or is suppressible;
7. ____ The necessary witness (es) cannot be located;
8. ____ The said Defendant is a juvenile;
9. ____ The said Defendant died on _____;
10. ✓ Other Substance is Meth, not cocaine _____

and for cause would show the court the following:

Respectfully submitted,

Assistant District Attorney

Bar ID#06666450
JAIME E. ESPARZA

## ORDER

The above entitled and numbered case is hereby dismissed on the foregoing motion for the reasons herein above stated.

ENTERED this the 24 day of November 2018.

JUDGE

IN THE DISTRICT COURTS OF EL PASO COUNTY, TEXAS
384TH JUDICIAL DISTRICT

THE STATE OF TEXAS       *

      *

VS.       * CAUSE NO. 20100D01732

      *

Angel Romero       *

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT TO APPEAL

I, Patrick M. Garcia, judge of the trial court, certify this criminal case:

[ ] is not a plea-bargain case, and the defendant has the right to appeal. [or]

[ ] is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal. [or]

[ ] is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [or]

[X] the defendant has waived the right of appeal.

The defendant was also admonished, on this the date of sentencing, on the record of his/her right to appeal

Signed on this the 24 day of November 20 16 .

Patrick M. Garcia,
Judge, 384th District Court

## Acknowledgement of court's certification of defendant's
## right of appeal

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a pro se petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals' judgment and opinion to my last known address and that I have only 30 days in which to file a pro se petition for discretionary review to the Texas Court of Criminal Appeals. (Tex.R.App.P.68.2) I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a prose se petition for discretionary review.

X _____
Defendant

_____
Attorney for the Defendant
Mailing Address of Defense Counsel:
500 E. San Antonio, Ste. 501
El Paso, TX 79901


State Bar No.: 24058130
Telephone No.: 546-8185
Fax No.: 546-8186

EXHIBIT I



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ANGEL ROMERO, | § | No. 08-10-00357-CR |
| Appellant, | § | Appeal from the |
| v. | § | 384th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20100D01732) |

## MEMORANDUM OPINION

Appellant, Angel Romero, attempts to appeal several convictions. Because the trial court's certification of his right to appeal shows that Appellant waived the right to appeal, we will dismiss.

## BACKGROUND

Appellant was indicted for one count of aggravated kidnaping, one count of aggravated assault, one count of sexual assault, two counts of assault against a family member, and one count of possession of cocaine. He filed a motion for a psychiatric examination to determine his competency to stand trial and a motion to suppress his oral and written statements. The trial judge found that Appellant was competent to stand trial and denied the motion to suppress.

Thereafter, Appellant and the State entered into a plea agreement, whereby Appellant would plead guilty to all of the charges except for possession of cocaine and the State would recommend that he be sentenced to a total of twenty years in prison. The written plea agreement did not include

a blanket waiver of Appellant's right to appeal. Instead, it stated that if the punishment assessed by the court did not exceed the punishment recommended by the State, the Appellant would have to obtain the court's permission to "prosecute an appeal on any matter in this case, excepting matters raised by written motion filed and heard prior to trial."

At the plea hearing, an assistant district attorney appeared for the State and two assistant public defenders appeared for Appellant. The trial judge advised Appellant that he would allow Appellant to withdraw the guilty plea if he sentenced him to more than twenty years in prison. The following colloquy then occurred:

> THE COURT: But if I follow these plea agreements, all of them, and I give you 20 years on each count, running concurrent . . . you are going to need my permission to file an appeal to a higher court, and you're not going to get it. And if I don't give you permission to file an appeal, nobody is going to listen to your complaints.
>
> Do you understand that?
>
> THE DEFENDANT: I understand.
>
> THE COURT: You filed a motion to suppress and I denied that motion to suppress . . . . If I follow this plea agreement, you are not going to be able to appeal that issue either.
>
> Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: It's done and you're going to go do your 20 years. You're not going to be able to complain about anything that occurred in these cases that you feel that you have a right to complain about.
>
> Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And I'm going to ask you, do you -- if I follow these plea agreements, do you give up your rights to appeal?

2

EXHIBIT I

THE DEFENDANT: (Inaudible.)

THE COURT: I can't hear you, man.

THE DEFENDANT: I do, Your Honor.

THE COURT: I'm going to show you what has been marked as State's 1, which is the Court's notice to defendant of his rights, written admonishments, waiver of rights, judicial confession and plea agreement wherein all your rights are explained to you, the rights I have gone over with you here on the record. Everything that I've been explaining to you here are [sic] contained in this document.

When you sign this document, you're waiving your rights and, as you are in front of me right now, you are waiving your rights in return for this plea of guilty, in return for me finding you guilty of these charges and giving you the 20-year sentence.

Do you understand that?

THE DEFENDANT: Yes, sir.

None of the attorneys objected to the Court's statements or noted that the plea agreement did not include a waiver of Appellant's right to appeal rulings on pretrial motions. At the conclusion of the hearing, the judge accepted Appellant's pleas, found him guilty, and sentenced him to twenty years in prison. The judge then signed a certification of Appellant's right to appeal, reflecting that Appellant had "waived the right of appeal."

Appellant filed a *pro se* document requesting "assistance & counsel to properly prepare an appeal." In this document, Appellant asserted his innocence and claimed that counsel was ineffective. We asked counsel to submit letter briefs regarding Appellant's waiver of his appeal rights. In its brief, the public defender's office concluded that Appellant appeared to have voluntarily, knowingly, and intelligently waived his right to appeal. The district attorney's office concurred.

3

## DISCUSSION

A plea agreement is a contract between the state and the defendant. *Moore v. State*, 295 S.W.3d 329, 331 (Tex. Crim. App. 2009). Such an agreement may contain a wide variety of stipulations, including a stipulation that the defendant waives the right to appeal. *See id.* at 331-32; *Ex parte Delaney*, 207 S.W.3d 794, 798 (Tex. Crim. App. 2006). The only proper role for a trial judge in the plea-bargaining process is to inform the defendant whether he will follow or reject the parties' agreement. *Moore*, 295 S.W.3d at 332. "Because a plea-bargain agreement is solely between the state and the defendant, only the state and the defendant may alter the terms of the agreement; the trial court commits error if it unilaterally adds un-negotiated terms to a plea-bargain agreement." *Id.*

A trial court must enter a "certification of the defendant's right of appeal" whenever it enters a judgment of conviction. TEX. R. APP. P. 25.2(a)(2). "The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record . . . ." TEX. R. APP. P. 25.2(d). Generally, a plea-bargaining defendant who is sentenced in conformity with the plea agreement may appeal "matters that were raised by written motion filed and ruled on before trial" and matters that the trial court granted permission to appeal. TEX. R. APP. P. 25.2(a)(2).

In this case, the plea agreement did not include a waiver of the right to appeal. It included the language of Rule 25.2(a)(2), demonstrating that Appellant had a limited right to appeal the denial of his pretrial motions. Accordingly, the judge's initial comments in the above colloquy misstated the terms of the agreement and the applicable law.

After making the initial comments, the judge asked Appellant, "[I]f I follow these plea

4

EXHIBIT I

agreements, do you give up your rights to appeal?" This could be construed as a unilateral addition of an unnegotiated term to the plea agreement. However, a defendant must object when a judge injects himself into the plea-bargaining process or else the error is not preserved. *See Moore*, 295 S.W.3d at 333. Appellant's attorneys did not object to the judge's remarks.

A defendant may waive the right to appeal without a plea bargain if he knows what his sentence will be or if the State gave some other consideration for the waiver. *See Ex parte Broadway*, 301 S.W.3d 694, 698-99 (Tex. Crim. App. 2009); *Ex parte Delaney*, 207 S.W.3d at 798. In this case, Appellant answered affirmatively when the judge asked whether he would give up the right to appeal if the judge sentenced him to twenty years in prison. The judge subsequently assessed a twenty-year sentence. Accordingly, there is nothing on the face of the record to demonstrate that Appellant's waiver was invalid, and Appellant's court-appointed counsel has not argued that the waiver was involuntary. Under these circumstances, we must dismiss the appeal on the basis of the trial court's certification that Appellant waived his right to appeal.[1]

## CONCLUSION

For the reasons stated above, the appeal is dismissed.

_____
GUADALUPE RIVERA, Justice

February 23, 2011

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)

---

[1] Nothing stated herein precludes Appellant from seeking collateral relief.

5

EXHIBIT. J     Copy of ORIGINAL WRIT of Mandamus

Table of Contents                                    i

Identity of Parties                                  ii

Index of Authorities                                 iii - iv

STATEMENT of CASE                                    2

STATEMENT of JURISDICTION                            2-3

ISSUES PRESENTED                                     4-5

STATEMENT OF FACTS                                   5-7

ARGUMENTS AND LEGAL AUTHORITIES

ISSUE NO. 1                                          7-10

ISSUE NO. 2                                          11-17

PRAYER FOR RELIEF                                    17

UNSWORN DECLARATION                                  18

APPENDIX

EXHIBIT. J

## Identity of Parties

HON. Judge Patrick Garica
384th DISTRICT COURT
500 E. SAN ANTONIO RM 906
El Paso TEXAS. 79901

Attorney for State.
Assistant District Attorney
MR. Kyle A. Myers
500 E. SAN ANTONIO, 2nd Floor.
El Paso TEXAS 79901

ANGEl ROMERO, PRO Se.
Inmate NO. 1689617
LYNAUGH UNIT
1098 S HWY 2037
Ft. STOCKTON, TX. 79735

EXHIBIT. J

| STATUTES, CODES AND RULES | Page |
|---|---|
| Tex Penal Code 22.01 (b)(2)(A) | 8. |
| Tex Penal Code 22.01 (b)(2)(B) | 8 |
| | |
| Tex Code Crim PROC ART 26.04 | 14 |
| Tex Code Crim PROC ART 26.13 (C) | 12 |
| Tex Code Crim PROC ART 44.02 | 11 |
| | |
| Tex Gov'T Code Sec 22.221 (b)(1) | 1, 2 |
| | |
| Tex R. APP. P 25.2 (a)(2) | 4,6,8,12,15 |
| Tex R. APP. P 25.2 (a)(2)(A)(B) | 8, 12, 14 |
| Tex R. APP. P 34.5 (C) | 10, 17 |
| Tex R. APP. P 43.6 | 17 |
| Tex R. APP. P 44.4 (a)(1)(2) | 10,14, 16 |

EXHIBIT J

## List of legal Authorities      <u>Page</u>

Boykin v State 818 sw2d 782, 785 _____ 16

Braxton v. Dunn 803 sw2d 318, 320 _____ 3

Brosgi v Curry 571 sw2d 940 _____ 3

Chapa v. Garcia 848 sw2d 667 _____ 11

Dears v. State 154 sw 3d 610, 614-615 _____ 14, 16

Eubanks v State 599 sw2d 815, 817 _____ 13

EXPARTE BROADWAY 301 SW 3d 694 _____ 9

EXPARTE DELANEY 207 SW 3d 794, 796-799 _____ 9, 10, 15

EXPARTE THOMAS 545 sw2d 469, 470 _____ 9

Kennedy v State 297 sw 3d 338 _____ 8, 9, 15

King v State 643 sw2d 176, 177 _____ 13

North Cortoina v Alford 400 US 25, 31 _____ 11

Padilla v. Mc Daniel 122 sw 3d 805 _____ 3

Shankel v State 119 sw 3d 808, 813 _____ 8, 9

Smith v State 937 sw2d 571, 575 _____ 3

State ex rel Hill v. Court of Appeals 5th Dist 34 sw3d 924 _____ 3

State exrel Rodriguez v Marquez 4 sw3d 227, 228 _____ 3

US v. Robinson 187 F3d 516, 516-518 _____ 13

Wilkerson v. State 264 sw3d 102 _____ 17

EXHIBIT. J

IN THE COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

NO. 08-10-00357-CR

IN RE ANGEL ROMERO
(Relator)

V.

HON. PATRICK GARCIA
JUDGE, 384TH DISTRICT COURT
OF EL PASO COUNTY, TEXAS
TRIAL COURT NO. 20100D01732
(Respondent)

## APPLICATION FOR WRIT OF MANDAMUS

To the Honorable Said Court:

Now Comes angel Romero, hereinafter Known as the (Relator) in the above styled and numbered Cause of action, and seeks leave for writ of Mandamus under, Tex Gov't Code sec, 22.221(b)(1) and the procedures outlined in, Tex R. APP, P 52.3, and in Support will show the following:

P.1

IN THE COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

NO. 08-10-00357-CR

IN RE ANGEL ROMERO
(Relator)

v.

EXHIBIT. J

## STATMENT OF CASE

Relator pled guilty to offenses: (Count I) Aggravated Kidnapping, (Count II) Sexual assault, (Count III) Aggravated Assault with a Deadly weapon, (Count V) Assault Enhanced - family Violence, Count VI Assault - family Violence previous Conviction, In Cause NO. 2010001732. Pursuant to a plea agreement with the State.

The Honorable Judge patrick Garcia of the 384th District Court, followed the Recommendation by the State and Sentenced the Relator to serve twenty (20) years in the Texas Department of Criminal Justice, with all Sentences running Concurrent. (Count III) possession of Cocaine, was Dismissed as part of the plea agreement.

## STATMENT OF JURISDICTION

The eighth District Court of Appeals dose have Jurisdiction to Issue a writ of Mandamus against Judge Patrick Garcia of the 384th District Court under Tex Gov't Code Sec. 22.221 (b) (1).

when a Court of Appeals and the Court of Criminal Appeals have Concurrent Jurisdiction over a writ

P.2

of Mandamus, the writ must "first" be filed in the Court of Appeals see. _Padilla v. McDaniel 122 sw 3d 805_ (Tex Crim App 2005). when a trial Court Judge denies an appellant the right to appeal from his Conviction under Tex R. APP. P 25.2 (a)(2), the proper remedy is by writ of Mandamus, and not by a writ of Habeas Corpus ART. 11.07 see _Smith v. State 937 sw 2d 511, 575_ (Tex App Dallas 1997) Citing; _Broggi v. Curry 571 sw 2d 940_

A party seeking Mandamus must ordinarily demonstrate 1). The act sought to be compelled is purely ministerial, not discretionary and 2). there is no other adequate remedy at law see _Braxton v. Dunn 803 sw 2d 318, 320_ (Tex Crim App 1991). This requires a demonstration that there is a clear legal right to the relief sought, _State ex rel Rodriguez v. Marquez 4 sw 3d 227, 228_ (Tex Crim App 1999). In this Case the law clearly spells out the duty to be performed with such Certainty that nothing is left to the exercise of discretion or Judgment, _State ex rel Hill v. Court of Appeals for fifth Dist_ 34 sw 3d 924, 928 (Tex Crim App 2001). The Eighth District Court of Appeals Has Mandamus Jurisdiction over this Claim.

# EXHIBIT · J

## ISSUES PRESENTED

### ISSUE NO. 1

The relator's waiver of the right to appeal made in conjunction to the plea agreement Tex. R. APP. P 25.2 (a)(2), was not made Voluntarily, Knowingly or intelligent, when the punishment exceeded, the punishment recommended by the prosecutor and agreed to by the relator in the initial (Charge Bargain). The trial Court's Certification of defendants right to appeal is defective and Judge Garcia is statutorily required to perform his ministerial duty to Correct the defective Certification.

### ISSUE NO. 2

In the trial Court's Admonishment to the relator Concerning his right to appeal his Motion to Suppress "that was ruled on." The Hon Judge Garcia Abused his discretion in Colloquy and misstated the terms of the plea agreement and the applicable law under Tex. R. APP. P 25.2 (a)(2)(A). The trial Court's Admonishment misled the relator to Such Harm that he Could not Knowingly and intelligently make an informed decision to waive his right to appeal his

P. 4

Suppression motion because he could not ascertain the consequences of making that decision based on the trial courts explanation of the plea agreement and applicable law.
The relator's waiver of the right to appeal his motion to suppress is invalid.

## STATEMENT OF FACTS

ON November 24, 2010 in Cause No. 2010001732 the relator pled guilty to the following offenses:

(COUNT I), Aggravated Kidnapping see (EXHIBIT A.)

(COUNT II), Sexual Assault see (EXHIBIT. B)

(COUNT IV), Aggravated Assault W/ Deadly weapon. see (EXHIBIT. C).

(COUNT V), Assault Enhanced family Violence. see (EXHIBIT. D)

(COUNT VI), Assault family Violence previous Conviction see. (EXHIBIT. E)
Pursuant to a plea agreement with the State.

Judge Garcia followed the State recommendation

see (EXHIBIT. F) and Sentenced the relator to twenty (20) years in the Texas Department of Criminal Justice with all Sentences running Concurrent. (COUNT III) possesson of Cocaine was dismissed as part of the plea agreement see Reporters Record P.P 4 (13-25), R.R. PP 5 (1-25) RR. PP 6. (1-25) R.R PP 7. (1-16). also see (EXHIBIT. G)

In the plea hearing Judge Garcia signed the trial Courts certification of defendants Right to appeal and Checked the boiler plate Box Showing "defendant has waived the right to appeal" see (EXHIBIT. H). There was no Blanket waiver of relators Right to appeal, but the written plea agreement setforth the language in TEX R. APP. P 25. 2 (a)(2). see. (EXHIBIT F)

ON December 16, 2010 the relator filed a prose notice of appeal in Cause No. 20100D01732. The Court of APPEALS Eighth District Docketed the appeal under NO. 08-10-00357-CR.

ON January 27, 2011, The El Paso County Public Defenders office Submitted a letter brief to the Court of Appeals and ineffectively Concluded that the relator appeared to have Voluntarily, Knowingly and intelligently Waived his right to appeal.

EXHIBIT . J

ON February 23, 2011, the Court of Appeals Eighth District dismissed the appeal on the basis of the trial Courts Certification that the Appellant waived his right to appeal. See (EXHIBIT. I) (Memorandum opinion)

## ARGUMENTS AND LEGAL Authorities

### ISSUE NO. 1

ON November 10, 2010 the relator entered into a negotiated plea bargain agreement to plead guilty to the offenses (COUNT I), (COUNT II) (COUNT IV), (COUNT V) and (COUNT VI) see (EXHIBITS A, B, C, D and E), the Consession to this plea agreement was that the prosecution would dismiss, (COUNT III). posession of Cocaine see (EXHIBIT G), also see Reporters Record PP 4. (13-25) RR. PP. 5 (1-25), R.R PP 6 (1-25), R.R PP 7 (1-16). The trial Court then imposed a punishment of twenty (20) years T.D.CJ ON All Counts to Run Concurrent see R.R PP 24 (1-13).

In a plea bargain Case, a defendant who pleads guilty or Nolo Contendere may appeal only (1). those matters by written motion filed and Ruled on before trial or (2) with premission of the trial Court, if

P.7

the punishment did not exceed, the punishment recommended by the prosecutor and agreed to by the defendant Tex. R. APP. P 25.2 (a)(2)(A)(B).

An agreement that results in a defendants pleading guilty to one charge in exchange for dismissal of another charge a (Charge Bargain) is a plea Bargain under Rule 25.2 (a) (2). See Kennedy v. State 297 sw 3d 338 (Tex Crim App 2009). An agreement to dismiss a pending charge effectively puts a cap on punishment at the maximum sentence for the charge that is not dismissed see Shankel v. State 119 sw3d 808, 813 (Tex Crim App 2003)

when the prosecution dismissed (COUNT III) possession of Cocaine see (EXHIBIT G) in exchange for the relators guilty plea on the remaining Counts, this Charge Bargain placed a cap on punishment at the maximum sentence for the agreed upon charges that were not dismissed. Kennedy 297 sw3d at 342 and this was unquestionably an agreement on punishment see Shankel 119 sw3d at 813.

(COUNT I) P.C 22.01 (b)(2)(B) see (EXHIBIT D) and (COUNT VI) P.C 22.01 (b)(2)(A) see (EXHIBIT E)

the relator agreed to a punishment Range under a 3rd degree felony with a cap at Maximum punishment of 10 years T.D.C.J. the trial court exceeded the punishments recommended by the prosecution and agreed to by the relator when counts I and VI were enhanced to a punishment Range of a 2nd degree felony and imposed a sentence of 20 years on those counts, that exceeded the agreed cap of 10 years in the (Charge Bargain). see Kennedy v. State 297 sw 3d 338, 342.

In absence of a plea agreement regarding Sentencing a pre Sentence waiver of the right to appeal is ineffective see Exparte Thomas 545 Sw 2d 469, 470 (Tex Crim App 1977), Exparte Delaney 207 Sw 3d 794, 796-97 (Tex crim App 2006). The states recommendation that one of the six counts be dismissed upon relators plea of guilty on the remaining five counts and that punishment be assessed at 20 years on all counts running concurrent is invalid. Based on the initial Charge Bargain, the State Could not perform it's part of this plea agreement on Counts I and VI. Shankel v. State 119 sw 3d 808, 813, Kennedy v. State 297 sw 3d 338, 342. distinguishing this case from Exparte Broadway 301 sw 3d 694 (Tex Crim App 2009)

when the relator agreed "first" to the charge Bargain in this case which effectively put a cap on the maximum statutory punishment on the remaining counts that were not dismissed see R.R PP. 4 (13-25), RR.PP 5 (1-25), RR. PP 6. (1-25) RR. PP 7 (1-22). The subsequent recommendation of 20 years on counts II and III which are respectively 3rd degree felonies, Place uncertainty on the waiver of the Right to appeal see Ex parte Delaney, 207 sw 3d 794, 799 (Tex Crim App 2006) (Holding; in order for a pretrial or pre Sentencing waiver to be binding at the punishment phase of trial, the waiver must be voluntary, knowing and intelligent, the waiver is knowing and intelligent if the actual punishment has been determined by a plea agreement when the waiver is made).

The relators waiver of his Right to appeal and the Right to appeal his Motion to Suppress were not made voluntary, knowing and intelligent. Judge Garcia must perform his ministerial Duty under Statutory Law and Correct the defective, trial courts Certificate of defendants Right to appeal. TEX. R. APP. P 34.5 (c) and 44.4 (a) (1) (2).

EXHIBIT .J

Issue NO. 2

The Standard of Review when a appellant Contends that his plea was not Knowingly and Voluntarily given is whether the Record discloses that the defendants plea represents a Voluntary and intelligent Choice among the alternative Courses of action open to the defendant see North Carolina V. Alford 400 US 25, 31, 91 Sct 1160, 1164 27 L.td 2d 162 (1970).

The trial Courts Clear failure to analyze or apply the law Correctly Constitutes an abuse of Discretion and is subject to Correction by extraordinary writ Chapa V. Garcia 848 sw 2d 667 (Tex 1992).

See (EXHIBIT F) written plea agreement setting forth the language in Tex.R. APP. P 25.2(b)(2) (A). A motion to suppress was filed on April 30 2010 See (EXHIBIT J) regarding relators oral statements to police, and was heard by the trial Court on October 28th and 29th 2010. Judge Garcia denied the Motion on November 10, 2010. Ordinarily the relator Could appeal any matters that he raised during his motion to suppress that were ruled on see Tex Code Crim proc Art 44.02 and Tex R. APP. P

P.11

EXHIBIT . J

25. 2 (a)(2)(A) and (B). Defendants in Texas have this Statutory Right.

In Judge Garcia's Admunishment to the relator Concerning Tex. R. App. P 25.2 (a)(2)(A). See R.R PP 15. (22-25), RR PP 16 (1-11). In this Case the plea agreement did not include a waiver of the Right to appeal, it included the language of Rule 25.2 (a)(2), demonstrating the relator had a Limited Right to appeal the denial of his pre trial Motions.

The Judges initial Comments in the above Colloquy misstated the terms of the plea agreement and applicable law see (EXHIBIT I page 4) Court of Appeals (Memorandum opinion). Judge Garcia's admonishment to the relator Concerning his waiver of his right to appeal the motion to suppress falls under Tex Code Crim Proc Art 26.13 (c), the relator was misled Concerning the plea agreement and applicable law under Tex R. App. P 25.2 (a)(2)(A). The relator was not aware of the consequences to make an informed decision to waive his right to appeal his motion to suppress.

Judge Garcia's Admunishment runs afoul of

P. 12

EXHIBIT. J

U.S. V. Robinson 187 F3d 516, 516-518 (5th cir 1999) (Holding; This Court has stated that a defendants waiver of her Right to appeal deserves and, indeed requires the Special Attention of the District Court; Baty 980 F2d at 979, It is upon the District Court to insure that the defendant fully understands her Right to appeal and the consequences of waiving that Right).

Based on the Record in this Case, the relators waiver of his right to appeal his Motion to Suppress was not made Voluntary or intelligent in Conjunction to the trial Courts Admonishment on that Matter. in this Situation Judge Garcia has a ministerial Duty under King V. State 643 SW 2d 176, 177 (App 11 Dist 1982) (Holding; The trial Court erred in accepting appellants guilty plea without first admonishing him as required by Article 26.13 (a)(3). we sustain this ground but it dose not require reversal of the Conviction in view of our holding that appellant will be permitted to prosecute an appeal on all matters raised in his brief see Eubanks V. State 599 sw 2d 815, 817 (Tex crim App 1980) Tex Code Crim Proc ART 26.13 (c).

Judge Garcia is Statutorily Required by

## EXHIBIT J

TEX. R. APP. P 44.4 (a) (1) (2) to **correct** the trial Courts Certification of defendants Right to appeal, and perform his ministerial duty under TEX R. APP. P 25.2 (a) (2) (A) and (B) and Grant the Relator the right to appeal his Motion to Suppress with the appointment of Counsel TEX Code Crim proc ART 26.04.

The Court of Criminal Appeals Ruled in Dears V. State 154 SW 3d 610, 614 (Tex Crim App 2005) (Holding; we agree Rules 44.3 and 44.4 weigh in favor of a definition of "defective" which is broader than larking Something essential, futhur Holding; we Conclude that an appellate Court has the ability to examine a Certification for defectiveness and use Rules 37.1 and 34.5 (c) to obtain another Certification whenever appropriate). also see 154 SW 3d at 615 (Holding; if the appellate Court Chooses to examine a Certification after the record is filed, it has the ability to compare the Certification to the Record and in that instance a duty to do so).

In the present Case, the Record Clearly Shows the relator initially entered into a (Charge Bargain) which effectively placed a Cap on the Maximum

P. 14

Sentence for the remaining counts <u>Kennedy v. State 297 SW 3d at 342</u> see RR. PP. 7 (15-25) this agreement was entered into prior to the State recommendation on punishment of 20 years Running concurrent on all counts which exceeded the 10 year cap on counts V and <u>VI</u>. see RR. PP 12 (3-25), RR. PP 13 (1-25). RR. PP 14 (1-25), RR PP 15 (1-6).

The relators waiver of the right to appeal see RR. PP 15 (13-25), RR PP 16 (1-11), was not made voluntary, knowing or intelligent see <u>Exparte Delaney 207 SW 3d at 799</u>

the Record clearly shows the plea agreement did not include a waiver of the right to appeal it included the language of Rule 25.2 (a)(2) demonstrating the relator had a limited Right to appeal the denial of his pre trial motions see (EXHIBIT F). Judge Garcia's Admonishment misstated the terms of the plea agreement and applicable law under Rule 25.2 (a)(2)(A) see RR. PP 15 (13-25). The relator could not make an informed decision to waive his right to appeal his motion to suppress. His agreement to waive that right was not made knowing and intelligent

EXHIBIT. J

The trial Courts Certification of defendants Right to appeal sue (EXHIBIT. H) Compared to the Record is defective Dears v. State 154 Sw3d 614-615.

See. Tex R. APP. P. 44.4 (a) (1) (2)

(a) a Court of Appeals must not affirm or Reverse a Judgment or Dismiss on appeal if;

1.) the trial Courts erroneous action, or failure to art prevents the proper presentation of a case to the Court of appeals and;

2). the trial Court Can Correct its action or failure to act,

Generally, Courts should interpret a statute in light of its plain language, Boykin v State 818 Sw 2d 782, 785 (tex crim App 1991) in this case the 2 pre conditions in Rule 44.4 (a)(1) (2) are met, and under the Mandatory language of the Rule Judge Garcia has a ministerial Duty to Correct the defective Certification of defendants Right to appeal

P.16

see WILKERSON V. State 264 SW 32 102 (Tex App Houston 1st Dist 2007) where trial Court Judge was ordered to perform his ministerial Duty and Correct defective Certification of Right to appeal.

The Relator seeks the Court of Appeals to order Mandamus Relief and use Tex. R APP. P 43.6 and Remand this Case Back to the 384th District Court to the Hon Judge Patrick Garcia to correct the defective Certification of defendants Right to appeal Tex. R. APP. P 34.5 (c).

## Prayer for Relief

wherefore, Premisis, Considered Relator Angel Romero prays the Honorable Court of Appeals Grant His Application for Mandamus Relief and order his case Remanded Back to the 384th District Court for the Hon Judge Patrick Garcia to correct the defective Certificate of defendants Right to appeal and grant the relator the right to appeal and the right to appeal his motion to Suppress with the appointment of Counsel.

EXHIBIT. J

## APPENDIX

## LIST OF EXHIBITS

EXHIBIT. A    JUDGMENT OF CONVICTION   (COUNT I)

EXHIBIT  B    JUDGEMENT OF CONVICTION   (COUNT II)

EXHIBIT  C.   JUDGEMENT OF CONVICTION  (COUNT IV)

EXHIBIT  D.   JUDGEMENT OF CONVICTION  (COUNT V)

EXHIBIT  E.   JUDGEMENT OF CONVICTION  COUNT VI

EXHIBIT  F.   WRITTEN PLEA AGREEMENT

EXHIBIT  G.   MOTION TO DISMISS (COUNT III)

EXHIBIT  H.   TRIAL COURTS CERTIFICATION OF
              DEFENDANTS RIGHT TO APPEAL

EXHIBIT. I    COURT OF APPEAS MEMORANDUM OPINION

EXHIBIT  J    DEFENDANTS MOTION TO SUPPRESS
              CONFESSION OR STATEMENTS

COURT Reporters Record, Guilty Plea and Pleas of TRUE
November 24, 2010, 384th DISTRICT Court ElPaso County

EXHIBIT. J

## APPENDIX

## LIST OF EXHIBITS

EXHIBIT. A     JUDGMENT OF CONVICTION    (COUNT I)

EXHIBIT B.     JUDGEMENT OF CONVICTION    (COUNT II)

EXHIBIT C.     JUDGEMENT OF CONVICTION   (COUNT IV)

EXHIBIT D.     JUDGEMENT OF CONVICTION   (COUNT V)

EXHIBIT E.     JUDGEMENT OF CONVICTION    COUNT VI

EXHIBIT F.     WRITTEN PLEA AGREEMENT

EXHIBIT G.     MOTION TO DISMISS (COUNT III)

EXHIBIT H.     TRIAL COURTS CERTIFICATION OF DEFENDANTS RIGHT TO APPEAL

EXHIBIT. I     COURT OF APPEAS MEMORANDUM OPINION

EXHIBIT J     DEFENDANTS MOTION TO SUPPRESS CONFESSION OR STATEMENTS

EXHIBIT K



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| IN RE: ANGEL ROMERO, | § | No. 08-15-00194-CR |
| | § | AN ORIGINAL PROCEEDING |
| Relator. | § | IN MANDAMUS |
| | § | |
| | § | |

## MEMORANDUM OPINION

Relator, Angel Romero, has filed a petition for writ of mandamus against the Honorable Patrick Garcia, Judge of the 384th District Court of El Paso County, Texas. Relator seeks an order compelling Respondent to modify the certification of defendant's right to appeal[1] to reflect that Relator did not voluntarily waive his right to appeal in 2010 when he entered the guilty plea. We dismiss the mandamus petition for lack of jurisdiction.

Based on the facts alleged in his mandamus petition, Relator entered a negotiated plea of guilty to multiple felony offenses in 2010, and the trial court assessed in punishment in accordance with the plea bargain at imprisonment for twenty years on each count. Relator filed notice of appeal and the trial court certified that Relator had waived the right to appeal. On February 23, 2011, we dismissed his appeal because the record reflected that Relator had waived the right to appeal. *Romero v. State*, No. 08-10-00357-CR, 2011 WL 664688 (Tex.App.--El

---

[1] *See* TEX.R.APP.P. 25.2(d).

*EXHIBIT . K*



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

§          No. 08-15-00194-CR

IN RE: ANGEL ROMERO,

§          AN ORIGINAL PROCEEDING

Relator.

§          IN MANDAMUS

§

## JUDGMENT

The court has considered this cause on the Relator's petition for writ of mandamus and the same being considered, it is the opinion of this Court that Relator's petition should be dismissed for lack of jurisdiction. We therefore dismiss the petition in accordance with the opinion of this Court.

IT IS SO ORDERED THIS 8TH DAY OF JULY, 2015.


ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

*EXHIBIT · L* ●

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS

384TH JUDICIAL DISTRICT

| THE STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO. 2010D01732 |
| | § | |
| ANGEL ROMERO | § | |

**DEFENDANT'S MOTION TO SUPPRESS CONFESSIONS OR STATEMENTS**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the Defendant, ANGEL ROMERO, by and through his attorney of record, PHILIP E. KENRICK, and before the State has commenced the presentation of its case in chief files this motion to suppress the oral statements made by the Defendant and any other written and oral confessions or statements made by the Defendant prior to, or since said date to an agent of the State or to anyone and would show the Court that such confessions or statements are inadmissible in the above-entitled and numbered cause for the following reasons, to-wit:

I.

Said statements were involuntary.

II.

The Defendant was not immediately taken before a magistrate and given a warning of his constitutional and statutory rights as guaranteed by the United States Constitution and the Texas Code of Criminal Procedure including the right to counsel and the privilege against self-incrimination.

III.

The Defendant was not given a warning of his constitutional and statutory rights as guaranteed by the Texas and United States

EXHIBIT. L ●

Constitutions and the Texas Code of Criminal Procedure.

IV.

The confessions or statements were taken when the Defendant was without counsel in violation of Article I, Section 10 of the Texas Constitution and of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and in the absence of an intelligent and understanding waiver of the right to counsel.

V.

The Defendant was denied access to counsel in violation of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution, and of Article I, Section 10 of the Texas Constitution. The defendant was denied his right to terminate the interview. The recorded statements were inaccurate incomplete.

VI.

The confessions or statements were tainted by the illegal detention and/or illegal arrest of the Defendant without a warrant.

VII.

The statements were oral and failed to comply with TCCP, Article 38.22.

VIII.

And for such further reasons as may appear upon oral hearing of this motion to suppress.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court conduct an oral plenary hearing on the matters of law raised by this motion and that the Court suppress any and all confessions or statements made by Defendant which shall appear to have been

EXHIBIT. L ●

seized or taken as a result of the custodial interrogation of the Defendant by any State agent or any involuntary statements at all for the above-stated reasons and for such further reasons which may appear on oral hearing of this motion. In the event the Court finds the Defendant's confessions or statements admissible, the Defendant further moves the Court to make complete findings of fact on the issue of voluntariness.

Respectfully submitted,

EL PASO COUNTY PUBLIC DEFENDER

BY: _____
PHILIP E. KENRICK
Attorney for Defendant
State Bar No. 11315250
500 E. San Antonio, Rm. 501
El Paso, Texas 79901
(915)546-8185/(915)546-8186

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing motion was hand-delivered to the District Attorney's Office, 500 E. San Antonio, Room 201, El Paso, Texas 79901, and mailed to the Defendant on the ___30 day of _____, 2010.

_____
PHILIP E. KENRICK